**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS MONZON REYES, AKA Santos Monzoreyes, AKA Santos Roman Monzoreyes, AKA Carlos Reyes, | No. 21-70749 |
| Petitioner, | Agency No. A206-410-360 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023**

Before: BENNETT, MILLER, and VANDYKE, Circuit Judges.

Santos Monzon Reyes, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand removal proceedings and dismissing his appeal from an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Monzon Reyes's contention that the IJ lacked jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

We lack jurisdiction to review the BIA's decision to deny Monzon Reyes's application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D).

The BIA did not err in declining to consider Monzon Reyes's arguments regarding asylum, withholding of removal and protection under the Convention Against Torture ("CAT") that were raised for the first time to the BIA. *See*

*Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal); *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 190-91 (BIA 2018) (where the IJ did not have an opportunity to make relevant factual findings, the BIA cannot do so in the first instance on appeal).

The BIA did not abuse its discretion in declining to remand Monzon Reyes's removal proceedings where he failed to submit an appropriate application for relief. *See* 8 C.F.R. § 1003.2(c)(1); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008) (no abuse of discretion in denying motion to reopen, in part, because motion was not accompanied by an application for the relief sought). To the extent Monzon Reyes raises them, we need not reach his remaining contentions that he demonstrated prima facie eligibility for asylum and related relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**